73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Curtis S. COOKE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3524.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1995.
 
 Before RADER, Circuit Judge, SMITH, Senior Circuit Judge, and BRYSON, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 Mr. Curtis S. Cooke appeals the decision of the Merit Systems Protection Board sustaining his removal by the United States Postal Service. This court affirms.
 
 
 2
 Mr. Cooke worked as an Instructor of Technical Training for the Postal Service in Norman, Oklahoma. On August 4, 1993, the Postal Service eliminated the Instructor position and reassigned Mr. Cooke to Supervisor of Customer Services in Oklahoma City, Oklahoma, starting August 7, 1993. Mr. Cooke refused the reassignment. No public transportation existed from Norman to Oklahoma City. Mr. Cooke did not have a drivers license or vehicle. On August 17, 1993, the Postal Service reassigned Mr. Cooke to another position at the Oklahoma City General Mail Facility. Mr. Cooke refused this assignment for the same reasons. When his job in Norman ended, Mr. Cooke did not report to work in Oklahoma City. As a result, the Postal Service carried Mr. Cooke as Absent Without Leave (AWOL). Mr. Cooke appealed his reassignments to the Merit Systems Protection Board.
 
 
 3
 On October 29, 1993, while Mr. Cooke's appeal was pending, the Postal Service issued Mr. Cooke a notice of proposed removal for being AWOL from October 3, 1993, through the present. The Postal Service gave Mr. Cooke ten days to respond to the notice. He did not respond.
 
 
 4
 On November 1, 1993, the Administrative Judge reversed the Postal Service's action. The Administrative Judge found that Mr. Cooke's reassignment was a demotion by reduction in force (RIF). The Postal Service had not afforded Mr. Cooke the substantive and procedural protections for preference eligible employees under 5 U.S.C. Secs. 3501-3504 and 5 C.F.R. part 351. In particular, the Postal Service had not considered Mr. Cooke's retention standing in connection with his demotion.
 
 
 5
 On November 18, 1993, the Postal Service removed Mr. Cooke based on his AWOL status, effective December 6, 1993. He again appealed to the Board. On April 1, 1994, the Administrative Judge again reversed the Postal Service's action. According to the Administrative Judge, Mr. Cooke's initial reassignment was an improper RIF action because the Postal Service lacked a "legitimate management reason" for his reassignment. Thus, the Administrative Judge found Mr. Cooke's AWOL status and removal were improper because based on an improper reassignment.
 
 
 6
 On appeal, the full Board agreed that Mr. Cooke's reassignment was a procedurally improper RIF action. Nonetheless, the Board upheld Mr. Cooke's reassignment as based on a legitimate management reason, namely the Postal Service's nationwide restructuring program. Thus, the Postal Service had a legitimate reason for the reassignment, even though the method of reassignment was inadequate. The Board stated that Mr. Cooke's only recourse "was to obey the order and challenge its validity on appeal." Because Mr. Cooke did not obey the order, the Board sustained his AWOL status and the Postal Service's removal.
 
 
 7
 This court affirms decisions by the Board unless they are found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 8
 The Board found that the Postal Service did not follow the proper RIF procedures. Nonetheless, the Postal Service may reassign an employee where it has a "legitimate management reason." Umshler v. Department of Interior, 44 M.S.P.R. 628, 630 (1990). The Board found that the Postal Service's 1992 nationwide restructuring, which necessitated Mr. Cooke's reassignment, constituted a legitimate management reason. The record supports this finding.
 
 
 9
 The Postal Service ultimately removed Mr. Cooke because he did not report to his new assignment despite proper notice. Because the Postal Service had a legitimate management reason for Mr. Cooke's reassignment, he had a duty to report to his new assignment. Moreover, when a Government employee disagrees with an order, the employee should follow the order until relieved of it by "judicial or administrative action." Bigelow v. Department of Health & Human Services, 750 F.2d 962, 965 (Fed.Cir.1984). In this case, the Board properly considered Mr. Cooke's choice not to report to work, rather than to report and challenge the reassignment.
 
 
 10
 The Board's decision is supported by substantial evidence and in accordance with the law. For these reasons and the reasons set forth by the Board in its opinion, this court affirms.